UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDERAL ELECTION COMMISSION, ) | |
| ) | Civ. No. 07-2196 |
| Plaintiff, ) | |
| ) | |
| v. ) | MOTION FOR ENTRY OF |
| ) | DEFAULT JUDGMENT |
| JAMIE JACOB MORGAN, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF FEDERAL ELECTION COMMISSION'S
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

The Defendant, Jamie Jacob Morgan ("Morgan"), after being duly served, has not filed an answer to the complaint filed by Plaintiff Federal Election Commission ("FEC" or "Commission"). The time period within which Defendant was to answer or otherwise defend has expired and the clerk's office has entered Defendant's default. On May 22, 2008, this Court ordered the Commission to file a motion for entry of default judgment. Accordingly, the Commission hereby moves pursuant to Federal Rule of Civil Procedure 55(b)(2) for a default judgment.

This suit arises from Morgan's candidacy for the Republican nomination in Michigan's 12th Congressional District during the 2002 election cycle, during which time Morgan also served as the *de facto* treasurer of the Morgan for Congress committee. On April 20, 2007, the Commission executed a conciliation agreement pursuant to 2 U.S.C. § 437g(a)(4)(A)(i) with Morgan (who was at the time represented by counsel), wherein he admitted to certain violations of the Act and Commission regulations and agreed to pay a $60,000 civil penalty to the

1

Commission in three $20,000 installment payments. *See* Compl. ¶¶ 7 – 10. The final installment payment was due on July 20, 2007. *Id.* ¶ 10.

In the conciliation agreement, Morgan admitted to filing several disclosure reports with the Commission that contained numerous inflated and fictitious receipts and disbursements and other inaccuracies. Over $100,000 of the receipts he reported — more than half of the total reported — were fictitious. Compl. Exh. 1 ¶ IV.5. Almost $190,000 of the approximately $250,000 in total disbursements he reported were wholly fictitious. *Id.* ¶ IV.9. Morgan deliberately concealed $62,000 in contributions from his father to his campaign committee by portraying them as contributions from himself. *Id.* ¶¶ IV.22 – IV.29. Later, he deliberately commingled campaign funds with his personal funds. *Id.* ¶¶ IV.33 – IV.39. Morgan understood that these actions were in violation of the Act and the Commission's regulations. *Id.* ¶¶ IV.15 – IV.16, IV.27, IV.35, IV.38.

Morgan also admitted in the conciliation agreement that these actions constituted knowing and willful violations of: 2 U.S.C. § 434(b) (reporting requirements); 2 U.S.C. § 441a(f) (accepting excessive contributions); 2 U.S.C. § 441f (accepting contributions in the name of another); 2 U.S.C. § 432(b)(3) (commingling campaign funds with personal funds); and 11 C.F.R. § 102.3 (falsely terminating the Morgan for Congress committee). Compl. Exh. 1 ¶ V. Defendant also failed to report additional campaign receipts and disbursements in violation of 2 U.S.C. § 434(b) and failed to keep and maintain campaign records in violation of 2 U.S.C. §§ 432(c) and (d) and 11 C.F.R. § 104.14(b). *Id.*

Morgan has not paid any part of the civil penalty. *Id.* ¶ 11; Hajjar Decl. ¶ 6. On December 5, 2007, the Commission filed its Complaint for Declaratory, Injunctive, and Other Appropriate Relief pursuant to 2 U.S.C. § 437g(a)(5)(D) seeking *inter alia* an order directing

Morgan to pay in full the $60,000 civil penalty. Although Morgan indicated a willingness to waive service, no such waiver was ever received by the Commission. *See* Hajjar Decl. ¶ 5. Subsequently, on March 28, 2008, the Commission effectuated formal service on Morgan personally. *See* Affidavit in Support of Default (Docket No. 2). An answer or other response to the complaint was due on April 17, 2008. None has been filed. On May 15, 2008, the Commission filed an Affidavit in Support of Default and the next day the Clerk's office entered default as to the defendant for failure to plead or otherwise defend this action. *See* Default (Docket No. 5); *see also* Fed. R. Civ. P. 55(a).[1]

"When an application is made to the court under Rule 55(b)(2) for the entry of a judgment by default, the district judge is required to exercise sound judicial discretion in determining whether the judgment should be entered." *Savage v. Scales*, 310 F. Supp. 2d 122, 127 (D.D.C. 2004) (*quoting* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* §2685 (3d. ed. 1998)). The Court should enter default judgment against the Defendant. The attached declaration shows that Morgan is not an infant or incompetent. Although the Commission does not believe that a Rule 55(b)(2) hearing is necessary in this matter, notice of the Commission's motion is being provided through service on Defendant.

WHEREFORE, the Commission respectfully moves this Court to Enter Default Judgment against Defendant Jamie Jacob Morgan. A proposed judgment is attached.

---

[1] Although the Commission's claim is for a sum certain ($60,000 and any applicable interest), an exchange of email messages between Commission counsel and Morgan suggests that the defendant may have "appeared" in this proceeding within the meaning of Rule 55(b)(1). See Hajjar Decl. ¶¶ 4. *Cf. H.F. Livermore v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689 (D.C. Cir. 1970) (holding that defendant "appeared" within meaning of Rule 55(b) where exchanges between parties indicated that neither party was in doubt that suit would be contested if not settled). The Commission therefore has not sought entry of a default judgment by the Clerk pursuant to Federal Rule of Civil Procedure 55(b)(1).

                              Respectfully submitted,

                              Thomasenia P. Duncan (D.C. Bar No. 424222)
                              General Counsel

                              David B. Kolker (D.C. Bar No. 394558)
                              Associate General Counsel

                              Kevin Deeley
                              Assistant General Counsel

                                 /s/ Steve N. Hajjar
                              Steve N. Hajjar
                              Attorney

                              COUNSEL FOR DEFENDANT
                              FEDERAL ELECTION COMMISSION
                              999 E Street NW
                              Washington, DC 20463

Dated:  May 30, 2008              (202) 694-1650

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDERAL ELECTION COMMISSION, ) | |
| ) | Civ. No. 07-2196 (PLF) |
| Plaintiff, ) | |
| ) | |
| v. ) | CERTIFICATE OF SERVICE |
| ) | |
| JAMIE JACOB MORGAN, ) | |
| ) | |
| Defendant. ) | |

    I hereby certify that on the 30th day of May, 2008, I caused defendant Jamie Morgan to be served with a copy of the Federal Election Commission's Motion for Entry of Default Judgment, Declaration of Steve N. Hajjar, Proposed Order, and Proposed Judgment. These filings were served by first-class mail and email at the following respective addresses:

        Jamie J. Morgan
        9595 Bartel Road
        Columbus, MI 48063

        jamiemorgan13@yahoo.com

        /s/ Steve N. Hajjar
        Steve N. Hajjar
        Attorney

        FOR THE PLAINTIFF
        FEDERAL ELECTION COMMISSION
        999 E Street, N.W.
        Washington, D.C.  20463
May 30, 2008        (202) 694-1650

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FEDERAL ELECTION COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>JAMIE JACOB MORGAN,<br><br>    Defendant. | )<br>)<br>)  Civ. No. 07-2196 (PLF)<br>)<br>)<br>)  DECLARATION<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF STEVE N. HAJJAR**

1. I am an attorney in the Litigation Division of the Office of the General Counsel of the Federal Election Commission ("Commission").

2. I submit this declaration in support of the Commission's Motion for Entry of Default Judgment.

3. The defendant, Jamie Jacob Morgan ("Morgan"), is not an infant or incompetent.

4. In response to Commission messages notifying him that the Commission had filed suit to enforce the conciliation agreement entered into between him and the Commission, Morgan appeared to express an intent to defend in this matter in emails sent on December 12, 2007 and December 13, 2007 (true and accurate copies of which are attached hereto as Attachments 1 and 2, respectively), making comments such as "let's do it" and "lets [sic] spend a bunch of time and energy on it." Morgan also appeared to offer to settle the matter. In the December 13 email, Morgan offered to send the

Commission "$200 a month until this is over if you drop it." In a subsequent January 18, 2008, email to the Commission (a true and accurate copy of which is attached hereto as Attachment 3), Morgan indicated that he would pay $72 per month.

5.  Morgan agreed to waive service but never did. In a February 7, 2008 email (a true and accurate copy of which is attached hereto as Attachment 4), Morgan indicated that he would mail to us his waiver that very day. The Commission never received Morgan's waiver and formally served process on him on March 28, 2008.

6.  Morgan has not paid any part of the $60,000 civil penalty he agreed to pay in the conciliation agreement entered into between him and the Commission.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 28, 2008

_____
Steve N. Hajjar



**Jamie Morgan**
<jamiemorgan13@yahoo.com>
12/12/2007 11:35 PM

To  shajjar@fec.gov
cc
bcc

Subject  Re: Morgan email

History:   ⇨ This message has been forwarded.

You guys have mailed things to me before without mailing them to random people, Genius

send it to po box 521 Oxford MI 48371
I'll get it there----60 days---but we probably won't need that long to get started

thanks
Jamie Jacob Morgan

thanks for giving me my life back...I look forward to meeting you, and Philbert again..........let's do it

*shajjar@fec.gov* wrote:

Dear Mr. Morgan,

In the last couple weeks I left you voicemails indicating that the Commission was about to file suit against you to enforce the conciliation agreement you entered into with the Commission, and that we wanted to hear from you before doing so. Having not heard back from you, I am writing to inform you that last Wednesday the Commission filed suit against you in the federal District Court for the District of Columbia. I have attached a copy of the complaint to this e-mail for your convenience. The Court has designated this case as Civ. No. 07-cv-02196 and has assigned it to Judge Friedman.

You indicated in your December 3rd e-mail that the Commission had sent correspondence to you at an incorrect address. Could you please provide me with your current address?

The other purpose of this email is to ask if you are willing to waive service of process, i.e. the requirement that a summons and complaint be delivered to you personally or hand-delivered to your home. Your waiver will save us the cost of serving you with process, and will -- as an incentive to you -- triple the number of days you have to answer our complaint from 20 to 60.

I have attached a copy of the Notice & Request for Waiver Form (Form 1A attached), as well as a Waiver of Service of Summons Form (Form 1B attached). After you have provided me with your current address, I will send by Federal Express to you hard copies of the two forms. As explained on the Waiver of Service of Summons Form, a party who waives service retains all defenses and objections, except any relating to the summons or to the service of the summons.

If you do not waive service of process, the Commission will be obligated to have a process server deliver the complaint and summons. Please be aware, however, that the Court may impose on you the cost of completing service if it finds that you lacked "good cause" to waive service.

Thank you for your time and attention and if you have any questions, please feel free to contact me.



Sincerely,

Steve N. Hajjar

Attorney, Litigation Division
Office of General Counsel
Federal Election Commission
Phone: (202) 694-1546

Looking for last minute shopping deals? Find them fast with Yahoo! Search.

ATTACHMENT 1
Page 2 of 2



**Jamie Morgan**
<jamiemorgan13@yahoo.com>

12/13/2007 08:32 AM

To  shajjar@fec.gov
cc
bcc
Subject  Re: Morgan email

History:   🔄 This message has been forwarded.

I'm willing to offer you guys one more chance to mitigate this case against somebody who was never involved in politics before this or after and who've you've spent all this energy on.....just as I said in the beginning, I don't have any money....I will send you $200 a month until this is over if you drop it....if not, than that's fine too, lets spend a bunch of time and energy on it.

Have a Great Holiday
JJM

*shajjar@fec.gov*  wrote:

Dear Mr. Morgan,

In the last couple weeks I left you voicemails indicating that the Commission was about to file suit against you to enforce the conciliation agreement you entered into with the Commission, and that we wanted to hear from you before doing so. Having not heard back from you, I am writing to inform you that last Wednesday the Commission filed suit against you in the federal District Court for the District of Columbia. I have attached a copy of the complaint to this e-mail for your convenience. The Court has designated this case as Civ. No. 07-cv-02196 and has assigned it to Judge Friedman.

You indicated in your December 3rd e-mail that the Commission had sent correspondence to you at an incorrect address. Could you please provide me with your current address?

The other purpose of this email is to ask if you are willing to waive service of process, i.e. the requirement that a summons and complaint be delivered to you personally or hand-delivered to your home. Your waiver will save us the cost of serving you with process, and will -- as an incentive to you -- triple the number of days you have to answer our complaint from 20 to 60.

I have attached a copy of the Notice & Request for Waiver Form (Form 1A attached), as well as a Waiver of Service of Summons Form (Form 1B attached). After you have provided me with your current address, I will send by Federal Express to you hard copies of the two forms. As explained on the Waiver of Service of Summons Form, a party who waives service retains all defenses and objections, except any relating to the summons or to the service of the summons.

If you do not waive service of process, the Commission will be obligated to have a process server deliver the complaint and summons. Please be aware, however, that the Court may impose on you the cost of completing service if it finds that you lacked "good cause" to waive service.

Thank you for your time and attention and if you have any questions, please feel free to contact me.

Sincerely,



Steve N. Hajjar

Attorney, Litigation Division
Office of General Counsel
Federal Election Commission
Phone: (202) 694-1546

Looking for last minute shopping deals? Find them fast with Yahoo! Search.

ATTACHMENT 2
Page 2 of 2



**Jamie Morgan**
<jamiemorgan13@yahoo.com>
01/18/2008 10:31 PM

To  shajjar@fec.gov
cc
bcc
Subject  Re:

History:    ↪ This message has been forwarded.

I can afford 72 dollars a month

*shajjar@fec.gov*  wrote:

Regarding your email about a chance to "mitigate," I assume you are asking me if the Commission would consider settling this matter for less than the $60,000 you owe pursuant to the conciliation agreement. If that is indeed what you are asking, the short answer is probably no.

The Commission might be amenable, however, to working out another payment plan so that you can pay the $60,000 and applicable interest over a short amount of time.

I suspect that this is not the type of settlement you had in mind, but if you are interested in offering a payment plan of some sort, I will certainly pass it along to my superiors for their consideration.

Sincerely,

_____
Steve N. Hajjar
Attorney, Litigation Division
Office of General Counsel
Federal Election Commission
Phone: (202) 694-1546


Looking for last minute shopping deals? Find them fast with Yahoo! Search.



**Jamie Morgan**
<jamiemorgan13@yahoo.com>
02/07/2008 12:05 PM

To  shajjar@fec.gov
cc
bcc
Subject  Re: Waiver of Service

History:  🡢 This message has been forwarded.

i'll mail the waiver today

*shajjar@fec.gov*  wrote:

Mr. Morgan,

We have not yet received your waiver of service of process. Accordingly, the Commission must formally serve process on you. This means that a representative from the U.S. Marshall's Office or a private process server will be handing you a copy of the complaint or leaving a copy at your residence.

In your email of January 18, you offered to pay the $60,000 you owe pursuant to the conciliation agreement in monthly installments of $72. The length of his proposed payment plan is unacceptable.


Sincerely,

_____
Steve N. Hajjar
Attorney, Litigation Division
Office of General Counsel
Federal Election Commission
Phone: (202) 694-1546


Never miss a thing. Make Yahoo your homepage.

ATTACHMENT 4
Page ___1___ of ___1___

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FEDERAL ELECTION COMMISSION, | ) | |
| | ) | Civ. No. 07-2196 (PLF) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PROPOSED ORDER |
| | ) | |
| JAMIE JACOB MORGAN, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Upon full consideration of the plaintiff Federal Election Commission's Motion for Default Judgment, it is hereby ORDERED:

Plaintiff's Motion for Default Judgment is hereby GRANTED.


DATED:_____            _____
                                   Hon. Paul L. Friedman

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| FEDERAL ELECTION COMMISSION, | ) ) ) | Civ. No. 07-2196 (PLF) |
| Plaintiff, | ) ) |  |
| v. | ) ) | PROPOSED JUDGMENT |
| JAMIE JACOB MORGAN, | ) ) |  |
| Defendant. | ) ) |  |

**JUDGMENT**

The summons and complaint in this action having been duly served on Jamie Jacob Morgan on March 28, 2008, and Mr. Morgan having failed to plead or otherwise defend in this action, and that default having been duly noted by the clerk's office, on the motion of the plaintiff Federal Election Commission, it is hereby DECREED and ADJUDGED that:

A. Defendant violated the terms of the conciliation agreement he entered into with the Commission pursuant to 2 U.S.C. § 437g(a)(4)(A)(i);

B. Defendant shall pay the $60,000 civil penalty plus interest on the amount due until the civil penalty is paid in full;

C. The Plaintiff Federal Election Commission is awarded costs in the amount of _____; and

D. Defendant is permanently enjoined from future violations of the provisions of the conciliation agreement, including the requirement that he "cease and desist from violating

2

2 U.S.C. §§ 432(b)(3), 432(c) and (d), 434(b), 441a(f), and 441f, and 11 C.F.R. §§ 102.3 and 104.14(b)";

      E.    Furthermore, this Court retains jurisdiction over any matter pertaining to this JUDGMENT.

DATED:_____                      Hon. Paul L. Friedman